IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Beth Coco<br>    Debtor | CHAPTER 13 |
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc<br>    Objecting Party<br>vs. | NO. 25-14901 DJB |
| Beth Coco<br>    Debtor<br>Kenneth E. West<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On December 16, 2025, Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc (hereinafter "Creditor") filed an Objection to Confirmation of the Chapter 13 Plan filed in this matter on the basis that the same fails to provide for payment of pre-petition arrears owed to Creditor at the time the bankruptcy petition was filed.

2. On January 30, 2026, Creditor filed a Proof of Claim that includes a total of $4,362.34 in pre-petition arrears, consisting of $1,217.86 owed in principal and interest and a $3,144.48 Projected Escrow Shortage.

3. The Debtor shall cure said pre-petition arrearages by paying $4,362.34 directly to Creditor within thirty (30) days of entry of this Stipulation to the below payment address:

**Rocket Mortgage, LLC fka Quicken Loans, LLC fka Quicken Loans
635 Woodward Avenue
Detroit, MI 48226**

4. Beginning as of January 1, 2026, the Debtor shall maintain payment of regular monthly mortgage payments directly to the Creditor at the above designated payment address.

5. The Parties agree that direct payment of the $4,362.34 in pre-petition arrears and payment of regular monthly mortgage payments shall not be a violation of the automatic stay.

6. In the event the payments under Paragraphs 3 and 4 above are not tendered pursuant to the terms of this stipulation, the Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Creditor relief from the automatic stay.

7. The Parties agree that this Stipulation shall resolve the Objection described above in Paragraph 1.

8. Upon timely receipt of the payment of the pre-petition arrears described in Paragraph 3, the Creditor shall amend its Proof of Claim to reflect -$0- in pre-petition arrears.

9. If the case is converted to Chapter 7, the Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Creditor relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: 2/26/2026

By: /s/ Matthew Fissel
Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215)-627-1322

Date: February 26, 2026

Michael A. Cibik, Esquire
Attorney for Debtor

No Objection – Without Prejudice to Any Trustee Rights or Remedies

Date: 3/16/26

/s/ Kenneth E. West
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2026. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Derek J. Baker